# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4857 | **DATE** | 9/10/2012 |
| **CASE TITLE** | *Velez v. Longhorn Steaks and Darden Restaurants, Inc.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion to strike certain affirmative defenses [23-1] is granted in part and denied in part. Affirmative Defenses 2, 3 and 28 are stricken with prejudice and Affirmative Defense 1 is stricken without prejudice. The motion to strike Affirmative Defenses 4, 7-15 and 27 is denied. Darden may replead Affirmative Defense 1 within 7 days of the date of entry of this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff moves to strike Darden's affirmative defenses 1-4, 7-15, and 27-28 as insufficiently pled. Under Fed. R. Civ. P. 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses are pleadings subject to the requirements of the Federal Rules of Civil Procedure. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). Consequently, courts in this district have traditionally utilized a three-part inquiry when examining affirmative defenses subject to a motion to strike: (1) "whether the matter is appropriately pleaded as an affirmative defense"—"[o]nly matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise"; (2) "if it is adequately pleaded under the requirements of Rules 8 and 9"—if "inadequately pleaded, [the affirmative defense] will be dismissed without prejudice to enable defendant[ ] to correct that technical deficiency"; and (3) whether the affirmative defense meets the Rule 12(b)(6) standard. *Id*. (citations omitted); *see Powell v. W. Asset Mgmt.*, 773 F. Supp. 2d 761, 762 (N.D. Ill. 2011). Rule 8(a)(2) provides that a complaint, or here, an affirmative defense, must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to strike is similar to a motion to dismiss under Rule 12(b)(6) in that neither a complaint nor an affirmative defense need contain detailed factual allegations. *See ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 CV 3222, 2009 WL 4679477, at *1 (N.D. Ill. Dec.1, 2009). Rather, under notice pleading they are sufficient as long as they raise "above the speculative level" the party's right to relief or to invoke the defense, giving the opposing party fair notice of the nature of the claim or defense. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"An affirmative defense admits the plaintiff's action but provides a reason the defendant is excused from some or all liability." *Tucker Firm, LLC v. Alise*, No. 11 C 1089, 2012 WL 252790, at *7 (N.D. Ill. Jan. 25, 2012). Thus, it is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint. *Rivertree Landing, L.L.C. v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007); *Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust*

*Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983). "The basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Indeca,* 576 F. Supp. at 989 (emphasis in original). Darden's Affirmative Defenses 2 and 3, respectively, allege that the defendant is not a proper defendant as it was not the plaintiff's employer and that the plaintiff cannot state a cause of action under the IWPCA because there is not a contract or agreement. These defenses do not admit the plaintiff's causes of action and instead challenge them; thus, they are not proper affirmative defenses and are stricken with prejudice.

Darden's Affirmative Defense 1 states only that "[t]he complaint, in whole or in part, fails to state a claim upon which relief can be granted." (Darden's Answer, Dkt. # 17, at 26.) This Court has made clear that an affirmative defense may not simply restate the standard for dismissal under Rule 12(b)(6), *see, e.g., Ring v. Bd. of Educ. Cmty. Sch. Dist. No. 60*, No. 03 C 7397, 2004 WL 1687009, at *2 (N.D. Ill. July 27, 2004), and the Court holds that such a conclusory statement is insufficient to allege an affirmative defense. The Court strikes this affirmative defense without prejudice.

The Court has reviewed Affirmative Defenses 4, 7-15 and 27 (alleging that the plaintiff cannot state a cause of action under the IWPCA because her allegations merely rely on the success of her FLSA and IMWL claims, Darden acted in good faith, Darden acted with a lack of willfulness, the plaintiff's claims are barred by § 10 of the Portal-to-Portal Act, the plaintiff's claims are barred by § 11 of the Portal-to-Portal Act, the plaintiff failed to mitigate her damages, Darden is entitled to set-off, the plaintiff's claim for compensation must be reduced by compensation already paid to her, the complaint fails to state a claim for prejudgment interest, the plaintiff is not entitled to equitable relief, and the plaintiff's claims are barred to the extent that she or any other class members have filed for bankruptcy and fail to list the overtime claim as a potential asset) and concludes that they are properly pled as affirmative defenses. "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). At any time that Darden determines during discovery that it has no factual or legal basis for any of its affirmative defenses, it shall seek leave to voluntarily dismiss them.

Finally, Affirmative Defense No. 28, in which Darden reserves the right to amend its Answer and raise additional defenses and pursue any counterclaims, is stricken. If Darden desires to amend its Answer or file a counterclaim, it must file a motion seeking leave of the Court to do so.

Thus, Affirmative Defenses 2, 3 and 28 are stricken with prejudice and Affirmative Defense 1 is stricken without prejudice. The motion to strike Affirmative Defenses 4, 7-15 and 27 is denied. Darden may replead Affirmative Defense 1 within 7 days of the date of entry of this order.